a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ROSY PAUL YOUNGER,<br>Plaintiff | CIVIL DOCKET NO. 1:20-CV-00823<br>SEC P |
| VERSUS | JUDGE DRELL |
| DIANE WITTE ET AL,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 and a Motion for Preliminary Injunction (ECF No. 1) filed by Petitioner Rosy Younger ("Younger"). At the time of filing, Younger was a detainee in the custody of the U.S. Immigration and Customs Enforcement ("ICE"), detained at the LaSalle ICE Processing Center in Jena, Louisiana.

Because Younger has been released, her Petition and Motion (ECF No. 1) should be DISMISSED WITHOUT PREJUDICE.

I. Background

According to ICE, Younger is a 64-year-old native and citizen of Trinidad and Tobago who entered the United States at an unknown location on an unknown date. ECF No. 15-1 at 6. She was determined to be inadmissible pursuant to § 212(a)(6)(A)(i) of the Immigration and Nationality Act and was issued a Notice to Appear in immigration court. *Id.* Younger denied the allegations set forth in the

Notice to Appear. ECF No. 15-1 at 7. Following a hearing to establish alienage, the immigration judge reportedly continued the case to issue a written decision. *Id.*

Younger alleges that she suffers from a long history of multiple heart conditions, kidney disease, asthma, high blood pressure, and diabetes, and she seeks a release from custody due, in part, to the COVID-19 pandemic. ECF No. 1 at 10.

According to the Government, Younger was released from custody on January 5, 2021. ECF No. 22.

## II. Law and Analysis

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). The case-or-controversy requirement "subsists through all stages of federal judicial proceedings, trial and appellate." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citations omitted). The parties must continue to have a "personal stake in the outcome" of the lawsuit. *Id.* Therefore, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.*

Based on the Government's unopposed contention that Younger has been released (ECF No. 22), the § 2241 Petition is moot. *See Dien Thanh Ngo v. Johnson*, 3:19-CV-976, 2019 WL 3468909 (N.D. Tex. July 17, 2019) (collecting cases), *report*

2

*and recommendation adopted*, 2019 WL 3459817 (N.D. Tex. July 31, 2019). If a controversy is moot, the court lacks subject matter jurisdiction. *Carr v. Saucier*, 582 F.2d 14, 16 (5th Cir. 1978) (citing *North Carolina v. Rice*, 404 U.S. 244, 246 (1971); *Locke v. Board of Public Instruction*, 499 F.2d 359, 363-364 (5th Cir. 1974)).

III. <u>Conclusion</u>

Because Younger is no longer in ICE custody, IT IS RECOMMENDED that her Petition and Motion (ECF No. 1) be DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Tuesday, February 9, 2021.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE